UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EXACTDISTRIBUTION, LLC | * | CIVIL ACTION |
| VERSUS | * | NO. 25-931 |
| BERGERON FREIGHT SERVICES, INC., ET AL. | * | SECTION "O" (2) |

### ORDER AND REASONS

Pending before me is Plaintiff Exactdistribution, LLC's Motion to Compel.  ECF No. 22.
Defendant Sure Logix, LLC filed an Opposition, Plaintiff filed a Reply, and Defendant filed a Sur-
Reply.  ECF Nos. 33, 35, 40.  No party requested oral argument in accordance with Local Rule
78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the
applicable law, Plaintiff's Motion to Compel is GRANTED IN PART AND DENIED IN PART
for the reasons stated herein.

### I.    BACKGROUND

Plaintiff Exactdistribution, LLC contracted with Defendant Bergeron Freight Services,
LLC to warehouse and deliver certain furniture, fixtures and equipment in relation to Plaintiff's
remodeling of the Monteleone Hotel.  ECF No. 1 ¶¶ 6-8.  Defendant Sure Logix, LLC later
purchased certain assets from Bergeron, including  the sale and assumption of Bergeron's contract
with Plaintiff.  *Id.* ¶¶ 9-10.  Plaintiff filed suit for damages, alleging that its property was
mishandled, damaged and/or lost by Bergeron and/or Sure Logix.  *Id.* ¶ 11.  Bergeron filed an
Answer and asserted a Cross-Claim against Sure Logix, and Sure Logix filed an Answer to
Plaintiff's Complaint and Bergeron's Cross-Claim and asserted counterclaims against each of
them.  ECF Nos. 4, 7, 8.

Plaintiff issued discovery to Sure Logix on November 21, 2025, to which Sure Logix responded on January 30, 2026. ECF Nos. 22-4, 22-5. The parties met and conferred, after which Sure Logix agreed to supplement. ECF Nos. 22-6, 22-7, 22-8. Plaintiff filed this motion to compel, asserting that Sure Logix failed to properly supplement. ECF No. 22. Plaintiff seeks to compel a verification of the responses and more complete answers to Interrogatory Nos. 5, 6, 7, 9, 12, and 21 and Requests for Production Nos. 5, 6, 8, 12, 13, 17, 21, and 22. ECF No. 22-1.

Sure Logix filed an Opposition agreeing to provide the required verification and asserting that, when new counsel enrolled just a week earlier, they undertook efforts to compare the more than 2,000 documents produced with the Initial Disclosures and initial responses to confirm full and complete responses. ECF No. 35 at 1-4. Sure Logix asserts that it has now supplemented the responses and agreed to produce its principal for deposition. *Id.* at 2, 5. Sure Logix argues that its prior production of its Monteleone project file as maintained in the ordinary course of business satisfies its obligations under Rule 34, served as an appropriate response to interrogatories under Rule 33(d), and that no additional responsive documents have been located. *Id.* at 6-8.

In Reply, Plaintiff asserts that Sure Logix has still failed to fully respond, produced no additional documents whatsoever, and does not provide any further information in the supplemental responses. ECF No. 33 at 3, 5-10. In its Sur-Reply, Sure Logix corrects Plaintiff's assertion that it had failed to provide the verification as promised, which it did before Plaintiff filed its Reply. ECF No. 40 at 1.

## II.   **APPLICABLE LAW**

### A.  **Scope of Discovery**

Rule 26(b)(1) of the Federal Rules of Civil Procedure authorizes the parties to

obtain discovery regarding any nonprivileged matter that is relevant to any party's
claim or defense and proportional to the needs of the case, considering the

2

> importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Information need not be admissible into evidence to be discoverable.[1] Rather, information merely needs to be **proportional** and **relevant** to any claim or defense.[2] The party claiming it would suffer an undue burden or expense is typically in the best position to explain why, while the party claiming the information is important to resolve the issues in the case should be able "to explain the ways in which the underlying information bears on the issues as that party understands them."[3]

The relevancy evaluation necessarily begins with an examination of the pending claims and defenses.[4] The threshold for relevance at the discovery stage is lower than the threshold for relevance of admissibility of evidence at the trial stage.[5] This broader scope is necessary given the nature of litigation, where determinations of relevance for discovery purposes are made well in advance of trial; facts that are not considered in determining the ultimate issues may be eliminated in due course of the proceeding.[6] At the discovery stage, relevance includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."[7] Discovery should be allowed unless the party opposing discovery establishes that the information sought "can have no possible bearing on the claim or defense of the party seeking discovery."[8] However, the comments to Rule 26 "confirm that requiring

---

[1] FED. R. CIV. P. 26(b)(1).

[2] *Id.*

[3] FED. R. CIV. P. 26(b)(1) advisory committee's notes to 2015 amendment.

[4] *Volvo Trucks N. Am., Inc. v. Crescent Ford Truck Sales, Inc.*, No. 02-3398, 2006 WL 378523, at *4 (E.D. La. Feb. 17, 2006) (Zainey, J.).

[5] *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex. 2011) (citations omitted).

[6] *Id.* at 590 n.5 (citation modified).

[7] *Id*. at 590 (citations modified).

[8] *Dotson v. Edmonson*, No. 16-15371, 2017 WL 11535244, at *2 (E.D. La. Nov. 21, 2017) (Morgan, J.) (citing *Merrill v. Waffle House, Inc*., 227 F.R.D. 467, 470 (N.D. Tex. 2005)).

relevance to a claim or defense 'signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings.'"[9]  Discovery directed only to dismissed claims and not any remaining claim is simply not relevant to the litigation nor proportional to the needs of the case.[10]

While the discovery rules are accorded broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials,[11] discovery does have "ultimate and necessary boundaries."[12]  The parties and the court have a collective responsibility to ensure that discovery is proportional, and Rule 26(b)(2)(C) *mandates* that the Court limit the frequency or extent of discovery otherwise allowed, if it determines:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

"The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery."[13]

### 1.  Duties in Responding to Interrogatories and Requests for Production

Both Rules 33 and 34 require a party to serve responses within 30 days of service, absent

---

[9] *Waste Mgmt. of La., LLC v. River Birch, Inc.*, No. 11-2405, 2017 WL 2271982, at *4 (E.D. La. May 24, 2017) (quoting *Whitney v. Krystal Co.*, No. 10-773, 2012 WL 777161, at *1 (M.D. Ala. Mar. 7, 2012)).
[10] *See Ganpat v. E. Pac. Shipping, PTE, Ltd.*, 611 F. Supp. 3d 305, 311 (E.D. La. 2020) (Morgan, J.); *see also Johnson v. Hope Vill. Apartments*, No. 10-385, 2011 WL 13217330, at *3 (E.D. Tex. Aug. 30, 2011) (noting impropriety of seeking discovery on dismissed claims); *Socol v. Haas*, No. 18-90, 2021 WL 2635847, at *7 (W.D. Va. June 25, 2021) (denying discovery directed to dismissed claims but allowing discovery that also related to remaining claims).
[11] *Herbert v. Lando*, 441 U.S. 153, 177 (1979) (citations omitted).
[12] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).
[13] FED. R. CIV. P. 26(b)(1) advisory committee's notes to 2015 amendment.

court order or stipulation. FED. R. CIV. P. 33(b)(2); 34(b)(2)(A). A party served with written discovery then must fully answer each request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or document request is not objectionable and the subject of the answer or response, and affirmatively explain whether any responsive information or documents have been withheld.[14]

"Discovery by interrogatory requires candor in responding. . . . The candor required is a candid statement of the information sought or of the fact that objection is made to furnishing the information."[15] Although a party responding to interrogatories is not required to make an extensive investigation in responding to an interrogatory, it must review all sources of responsive information reasonably available and provide the responsive, relevant facts reasonably available.[16] The fact that an interrogatory calls for a thorough response—one that will take time and effort to answer—does not make it improper.[17] Where an interrogatory answer "'as a whole discloses a conscientious endeavor to understand the question and to answer fully that question,' a party's obligation under Rule 33 is satisfied."[18]

Pursuant to Rule 33(d):

If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:

---

[14] *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018) (citation omitted).

[15] *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 616 (5th Cir. 1977).

[16] *Lopez*, 327 F.R.D. at 579 (citing 8B WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 2174 (3d ed. 2013)).

[17] *Areizaga v. ADW Corp.*, 314 F.R.D. 428, 437 (N.D. Tex. 2016) (citing *Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 307-08 (5th Cir. 1973)).

[18] *Id.* (citation modified) (quoting *Meltzer/Austin Rest. Corp. v. Benihana Nat'l Corp.*, No. 11-542, 2013 WL 2607589, at *3 (W.D. Tex. June 10, 2013) (quoting 8B WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 2177 (3d ed. 2010))).

> (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could . . . .

A reference to business records must be provided with specificity and sufficient detail; it is improper for a party to cite those records *in toto*.[19]

Likewise, a party responding to requests for production must produce responsive documents within that party's actual or constructive possession, custody or control, which production must occur "no later than the time for inspection specified in the request or another reasonable time specified in the response." FED. R. CIV. P. 34(a)(1), (b)(2)(B). A party has "control" over documents or materials that it has the legal right to obtain even though it has no copy and even if the documents are owned or possessed by a nonparty.[20] Thus, documents owned or possessed by agents, attorneys, hired consultants, and other third parties hired by a party that the party can reasonably obtain the requested information from upon request fall within that party's custody or control.[21] The burden is on the party seeking discovery to show that the other party has control over the material sought.[22] To establish control over documents in the possession of a non-party, the movant must typically show that there is "a relationship, either because of some affiliation, employment or statute, such that a party is able to command release of certain

---

[19] *KeyBank Nat'l Ass'n v. Perkins Rowe Assocs., LLC*, No. 09-497, 2011 WL 765925, at *3 n.14 (M.D. La. Feb. 25, 2011) ("Rule 33(d)(1) requires that answers using the business records option must specify the records to be reviewed in enough detail so that the interrogating party can locate and identify them as easily as the responding party. Thus, it is improper to direct the interrogating party to a mass of business records or offer to make all of the party's business records available." (citations omitted)).

[20] *Becnel v. Salas*, No. 17-17965, 2018 WL 691649, at *3 (E.D. La. Feb. 2, 2018) (citations omitted); *Est. of Monroe v. Bottle Rock Power Corp.*, No. 03-2682, 2004 WL 737463, at *10 (E.D. La. Apr. 2, 2004) (citation omitted).

[21] *Becnel*, 2018 WL 691649, at *3 (noting that control extends to materials over which the subject party has the legal right to obtain even though she has no copy (citing cases)); *Dillard Univ. v. Lexington Ins. Co.*, No. 06-4138, 2008 WL 11350306, at *1 (E.D. La. Mar. 27, 2008) (finding materials provided to consultants within that party's possession, custody, or control (citing cases)).

[22] *Washington-St. Tammany Elec. Coop., Inc. v. La. Generating, L.L.C.*, No. 17-405, 2019 WL 1804849, at *7 (M.D. La. Apr. 24, 2019) (citation omitted).

6

documents by the non-party person or entity in actual possession."[23]   The key is whether the responding party could come into possession of the requested document upon reasonable inquiry.[24]

Documents must be produced as maintained in the usual course of business or organized and labelled to correspond to the categories in the request.  FED. R. CIV. P. 34(b)(2)(E)(i).  This prohibits a party from producing a disorganized document dump, requiring the other party to laboriously comb through the documents to find what it requested.[25]   Thus, the producing party must turn over the documents in an organized, comprehensible arrangement—either by specifically indexing each document to the request to which it was responsive or by delivering the documents in the business's ordinary filing system or other organizational structure that is intact and useable by the requesting party.[26]

The Court cannot, however, compel a party to produce documents that do not exist.[27] When an officer of the court represents that documents do not exist, courts may require a certification or "confirm[ation]" that the discovery at issue does not exist.[28]   If the other party has or acquires evidence that the response is incomplete or affidavit is false, other remedies may be

---

[23] *S. Filter Media, LLC v. Halter*, No. 13-116, 2014 WL 4278788, at *5 (M.D. La. Aug. 29, 2014) (citations omitted).

[24] *Ruby Slipper Cafe, LLC v. Belou*, No. 18-1548, 2020 WL 4905796, at *4 (E.D. La. Jan. 15, 2020) (citing *Becnel*, 2018 WL 691649, at *3 ("Rule 34's definition of possession, custody, or control, includes more than actual possession or control of [documents]; it also contemplates a party's legal right or practical ability to obtain [documents] from a [non-party] to the action")).

[25] *Dodd v. Hendrickson USA, LLC*, 349 F.R.D. 286, 299 (W.D. Ky. 2025).

[26] *United States v. Bollinger Shipyards, Inc.*, No. 12-920, 2015 WL 13529562, at *3 (E.D. La. Apr. 13, 2015) (Vance, J.) (quoting *Anderson Living Tr. v. WPX Energy Prod., LLC*, 298 F.R.D. 514, 522 (D.N.M. 2014)).

[27] *Butler v. La. Dep't of Pub. Safety & Corr.*, No. 12-420, 2014 WL 3867552, at *1 (M.D. La. Aug. 6, 2014); *Payne v. Forest River, Inc.*, No. 13-679, 2015 WL 1912851, at *4 (M.D. La. Apr. 22, 2015) ("The court cannot order the production of documents that no longer exist or, despite a diligent search, cannot be found in the possession, custody, or control of a party."); *Callais v. United Rentals N. Am., Inc.*, No. 17-312, 2018 WL 6517446, at *7 (M.D. La. Dec. 11, 2018) (same); *Terral v. Ducote*, No. 15-2366, 2016 WL 5017328, at *2 (W.D. La. Sept. 19, 2016) (same).

[28] *Nguyen v. La. State Bd. of Cosmetology*, No. 14-80, 2016 WL 67253, at *2 (M.D. La. Jan. 5, 2016) (requiring plaintiff to "confirm that the requested information does not exist"); *see Callais*, No. 2018 WL 6517446, at *7 (ordering qualified representative to provide a sworn certification that no responsive documents exist); *Brookshire v. Jackson Pub. Schs.*, No. 13-772, 2015 WL 11018443, at *1 (S.D. Miss. May 8, 2015) ("If the document does not exist, then Defendants are to certify that the document does not exist."); *Beasley v. First Am. Real Est. Info. Servs., Inc.*, No. 04-1059, 2005 WL 1017818, at *4 (N.D. Tex. Apr. 27, 2005) ("[D]efendant is entitled to an unequivocal representation . . . that the documents specified in this request for production do not exist.").

7

sought.[29]

## 2.  <u>Objections Must Be Stated With Specificity</u>

A party served with written discovery must fully answer each request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or document request is not objectionable and the subject of the answer or response, and affirmatively explain whether any responsive information or documents have been withheld.[30]  Likewise, for each request for production, the respondent must either state that the inspection or production will be permitted or state with specificity the grounds for objecting to the request, including the reason. FED. R. CIV. P. 34(b)(2)(B).

Courts throughout the country have long interpreted the federal rules to prohibit general, boilerplate objections.[31]  Boilerplate objections use standardized, ready-made or all-purpose language without regard to the particular discovery request.[32]  General objections refer to objections that a party responding to discovery asserts as applicable to multiple individual requests

---

[29] *Henderson v. Compdent of Tenn., Inc.*, No. 97-617, 1997 WL 756600, at *1 (E.D. La. Dec. 4, 1997) (denying motion to compel based on representation that documents that do not exist and noting other remedies are available if representation is untrue).

[30] *Lopez*, 327 F.R.D. at 580 (citation omitted).

[31] *See Chevron Midstream Pipelines LLC v. Settoon Towing LLC*, No. 13-2809, 2015 WL 269051, at *3 (E.D. La. Jan. 21, 2015) (noting that an objection is boilerplate and insufficient "when it merely states the legal grounds for the objection without: (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond." (citation omitted)); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485-86 (5th Cir. 1990) (simply objecting to requests as "overly broad, burdensome, oppressive and irrelevant," without showing "specifically how . . . each [request] is not relevant or how each question is overly broad, burdensome or oppressive" is inadequate to "voice a successful objection").

[32] *See Tim Long Plumbing, Inc. v. Kinsale Ins. Co.*, No. 20-42, 2020 WL 6559869, at *3 (E.D. Tex. Nov. 9, 2020) (providing examples for boiler plate language, such as "Defendant objects to this Request, as it is overly broad and vague" and "Defendant objects to this Request to the extent it seeks discovery of information that is irrelevant and not proportional to the needs of the case").  Objections are deemed "boilerplate" when they are identical and not tailored to the specific discovery request.  *Amazing Ins., Inc. v. DiManno*, No. 19-1349, 2020 WL 5440050, at *5 (E.D. Cal. Sept. 10, 2020) (citation omitted).

set forth in a given set of discovery requests.[33]  A general objection untethered to specific requests (and is thus also a boilerplate objection) is improper.[34]

When objecting to a discovery request, the objection must state how the objection "relates to the particular request being opposed, and not merely that it is overly broad and burdensome or oppressive or vexatious or not reasonably calculated to lead to the discovery of admissible evidence."[35]  Any objection must clearly state how the information sought is not relevant to any claim or defense, or how the request is overbroad, burdensome or oppressive.[36]  And when a party objects to a request for production, the "objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." FED. R. CIV. P. 34(b)(2)(C).[37]  Objections interposed without also indicating whether any document or information is being withheld are improper.[38]

### 3.  <u>Invocation of Privilege Requires Delivery of a Privilege Log</u>

A responding party withholding information based on privilege "must (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the claim." FED. R. CIV. P. 26(b)(5)(A).  The "privilege log's description of each document and its contents must provide sufficient information

---

[33] *Grider v. Keystone Health Plan Cent., Inc*., 580 F.3d 119, 134 n.16 (3d Cir. 2009).

[34] *See DL v. Dist. of Columbia*, 251 F.R.D. 38, 43 (D.D.C. 2008) (citation omitted) ("When faced with general objections, the applicability of which to specific document requests is not explained further, this Court will not raise objections for the responding party, but instead will overrule the responding party's objections on those grounds." (citation modified)).

[35] *Cheshire v. Air Methods Corp*, No. 15-933, 2015 WL 7736649, at *2 (W.D. La. Nov. 30, 2015) (citation modified) (quoting *Reyes v. Red Gold, Inc.*, No. 05-191, 2006 WL 2729412 (S.D. Tex. Sept. 25, 2006)).

[36] *Chevron*, 2015 WL 269051 at *3.

[37] *accord. Orchestrate HR, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 507 (N.D. Tex.), *objections overruled sub nom*, *Orchestratehr, Inc. v. Trombetta*, No. 13-2110, 2016 WL 5942223 (N.D. Tex. Oct. 13, 2016).

[38] *See Chevron*, 2015 WL 269051*, at *4 (holding that objections fall woefully short of objecting party's burden when party objected to documents and information protected by privilege but did not describe whether any documents were withheld or the nature of withheld documents).

to permit courts and other parties to 'test[ ] the merits of' the privilege claim."[39]  It "should not only identify the date, the author, and all recipients of each document listed therein, but should also 'describe the document's subject matter, purpose for its production, and specific explanation of why the document is privileged or immune from discovery.'"[40]

When faced with either the absence of a privilege log or an inadequate privilege log, the court may: (1) permit the party another chance to submit a more detailed log; (2) deem the inadequate log a waiver of the privilege; (3) conduct an *in camera* inspection of the withheld documents; or (4) conduct an *in camera* inspection of a select sample of the withheld documents.[41] Most courts take a flexible approach, particularly when there is an insufficient privilege log but no evidence of bad faith, finding waiver only for flagrant or willful failures.[42]

## III.   THE DISCOVERY AT ISSUE AND ANALYSIS

The following are the Interrogatories and Requests for Production at issue, along with the Responses and Supplemental Responses (ECF Nos. 22-5, 35-1):

### Interrogatory No. 5

Identify all communications between Defendants and Plaintiff regarding the alleged mishandling, damage, or loss of Plaintiff's product.

---

[39] *Equal Emp. Opportunity Comm'n v. BDO USA, L.L.P.*, 876 F.3d 690, 697 (5th Cir. 2017) (quoting *United States v. El Paso Co.*, 682 F.2d 530, 541 (5th Cir. 1982); and citing *N.L.R.B. v. Interbake Foods, LLC*, 637 F.3d 492, 502 (4th Cir. 2011) ("When a party relies on a privilege log to assert these privileges, the log must 'as to each document . . . set[ ] forth specific facts that, if credited, would suffice to establish each element of the privilege or immunity that is claimed.'" (quoting *Bowne, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 474 (S.D.N.Y. 1993)))).

[40] *See Peacock v. Merrill*, No. 08-01, 2008 WL 687195, at *3 (M.D. La. 2008) (emphasis omitted) (quoting *Jones v. Hamilton Cnty. Sheriff's Dep't*, No. 02-808, 2003 WL 21383332, at *4 (S.D. Ind. 2003); and citing *Compaq Comput. Corp. v. Packard Bell Elecs., Inc.*, 163 F.R.D. 329, 338 (N.D. Cal. 1995)).

[41] *RPM Pizza, LLC v. Argonaut Great Cent. Ins. Co.*, No. 10-684, 2014 WL 12660120, at *4 (M.D. La. Jan. 14, 2014) (quoting *N.L.R.B. v. Jackson Hosp. Corp.*, 257 F.R.D. 302, 307-08 (D.D.C. 2009)).

[42] *Id.* (citing *United States v. Brit. Am. Tobacco (Invs.) Ltd.*, 387 F.3d 884, 890-91 (D.C. Cir. 2004); *Novelty, Inc. v. Mountain View Mktg., Inc.*, 265 F.R.D. 370, 381-82 (S.D. Ind. 2009) (foot-dragging and failure to comply with court's order showed willfulness and bad faith); *Muro v. Target Corp.*, 250 F.R.D. 350, 365 (N.D. Ill. 2007), *aff'd*, 580 F.3d 485 (7th Cir. 2009)).

**January 30, 2026, Response to Interrogatory No. 5:**

Sure Logix objects to this Interrogatory on the grounds that it is vague, ambiguous, overly broad and unduly burdensome, as it is not limited to a reasonable time frame, a reasonable factual scope, or the basic facts and circumstances surrounding this litigation. Additionally, Sure Logix objects to this Interrogatory as it seeks information that may be within the knowledge, possession, custody, and/or control of individuals and/or entities other than Sure Logix. Notwithstanding these objections, Sure Logix specifically denies that it mishandled, damaged and/or lost any of Plaintiff's products. Any mishandling, damage or loss of Plaintiff's product occurred while Bergeron was still in possession of the product.

**June 26, 2026, Supplemental Response to Interrogatory No. 5:**

Sure Logix objects to this Interrogatory on the grounds that it is vague, ambiguous, overly broad and unduly burdensome, as it is not limited to a reasonable time frame, a reasonable factual scope, or the basic facts and circumstances surrounding this litigation. Additionally, Sure Logix objects to this Interrogatory as it seeks information that may be within the knowledge, possession, custody, and/or control of individuals and/or entities other than Sure Logix. Notwithstanding these objections, Sure Logix specifically denies that it mishandled, damaged and/or lost any of Plaintiff's products. Any mishandling, damage or loss of Plaintiff's product occurred while Bergeron was still in possession of the product. **Subject to and without waiving the foregoing objections, Sure Logix refers Plaintiff to relevant information contained in the documents previously produced by Sure Logix identified as Sure Logix_000055-2808**.

**Interrogatory No. 6**

Identify all communications between Defendant's and any third party (including the project owner or general contractor) regarding the alleged mishandling, damage, or loss of Plaintiff's product in connection with the Monteleone Hotel Iberville Tower Project.

**January 30, 2026, Response to Interrogatory No. 6**

Sure Logix objects to this Interrogatory on the grounds that it is vague, ambiguous, overly broad and unduly burdensome, as it is not limited to a reasonable time frame, a reasonable factual scope, or the basic facts and circumstances surrounding this litigation. Additionally, Sure Logix objects to this Interrogatory as it seeks information that may be within the knowledge, possession, custody, and/or control of individuals and/or entities other than Sure Logix. Notwithstanding these objections, Sure Logix specifically denies that it mishandled, damaged and/or lost any of Plaintiff's products. Any mishandling, damage or loss of Plaintiff's product occurred while Bergeron was still in possession of the product.

**June 26, 2026, Supplemental Response to Interrogatory No. 6**

Sure Logix objects to this Interrogatory on the grounds that it is vague, ambiguous, overly broad and unduly burdensome, as it is not limited to a reasonable time frame, a reasonable factual scope, or the basic facts and circumstances surrounding this litigation. Additionally, Sure Logix objects to this Interrogatory as it seeks information that may be within the knowledge, possession, custody, and/or control of individuals and/or entities other than Sure Logix. Notwithstanding these objections, Sure Logix specifically denies that it mishandled, damaged and/or lost any of Plaintiff's products. Any mishandling, damage or loss of Plaintiff's product occurred while Bergeron was still in possession of the product. **Subject to and without waiving the foregoing objections, Sure Logix refers Plaintiff to relevant information contained in the documents previously produced by Sure Logix identified as Sure Logix_000055-2808**.

**Interrogatory No. 7**

Identify all communications amongst Defendants Sure Logix LLC and Bergeron Freight Services, Inc., regarding the alleged mishandling, damage, or loss of Plaintiff's product in connection with the Monteleone Hotel Iberville Tower project.

**January 30, 2026, Response to Interrogatory No. 7**

Sure Logix objects to this Interrogatory on the grounds that it is vague, ambiguous, overly broad and unduly burdensome, as it is not limited to a reasonable time frame, a reasonable factual scope, or the basic facts and circumstances surrounding this litigation. Additionally, Sure Logix objects to this Interrogatory as it seeks information that may be within the knowledge, possession, custody, and/or control of individuals and/or entities other than Sure Logix. Notwithstanding these objections, Sure Logix specifically denies that it mishandled, damaged and/or lost any of Plaintiff's products. Any mishandling, damage or loss of Plaintiff's product occurred while Bergeron was still in possession of the product.

**June 26, 2026, Supplemental Response to Interrogatory No. 7**

Sure Logix objects to this Interrogatory on the grounds that it is vague, ambiguous, overly broad and unduly burdensome, as it is not limited to a reasonable time frame, a reasonable factual scope, or the basic facts and circumstances surrounding this litigation. Additionally, Sure Logix objects to this Interrogatory as it seeks information that may be within the knowledge, possession, custody, and/or control of individuals and/or entities other than Sure Logix. Notwithstanding these objections, Sure Logix specifically denies that it mishandled, damaged and/or lost any of Plaintiff's products. Any mishandling, damage or loss of Plaintiff's product occurred while Bergeron was still in possession of the product. **Subject to and without waiving the foregoing objections, Sure Logix refers Plaintiff to**

12

**relevant information contained in the documents previously produced by Sure Logix identified as Sure Logix_000055-2808.**

**Ruling (Interrogatory Nos. 5, 6 & 7):**

Sure Logix's vague, ambiguous, overly broad and unduly burdensome objections are overruled. The interrogatory is inherently limited to a 5-year period as the agreement at issue was executed in November 2021 and relates to alleged damage to property warehoused under that contract. Sure Logix's objection on the basis that it calls for information within the knowledge, possession, custody, and/or control of others is likewise overruled. Sure Logix must review all sources of responsive information reasonably available and provide the responsive, relevant facts reasonably available, whether that information is reasonably available based on others' knowledge or its own employees.

Sure Logix's response denying that it mishandled, damaged and/or lost any of Plaintiff's products and that same occurred while in Bergeron's possession is non-responsive. The questions seek communications regarding the alleged mishandling, damage, or loss of Plaintiff's product, regardless of who was in control of same when mishandled, damaged or lost. The supplemental reference to almost 3000 pages of documents produced during discovery is insufficient. Sure Logix may cite to the specific bates numbers of any responsive communication, but cannot point to the global document production. Supplementation is required.

> **Interrogatory No. 9**
>
> State the date, nature, and circumstances of each instance in which Plaintiff's product was mishandled, damaged, or lost by anyone while in any Defendants' custody or control.
>
> **January 30, 2026, Response to Interrogatory No. 9**
>
> Sure Logix objects to this Interrogatory on the grounds that it is vague and ambiguous. Additionally, Sure Logix objects to this Interrogatory as it seeks information that may be within the knowledge, possession, custody, and/or control

of individuals and/or entities other than Sure Logix. Notwithstanding these objections, Sure Logix specifically denies that it mishandled, damaged and/or lost any of Plaintiff's products. Any mishandling, damage or loss of Plaintiff's product occurred while Bergeron was still in possession of the product.

**June 26, 2026, Supplemental Response to Interrogatory No. 9**

Sure Logix objects to this Interrogatory on the grounds that it is vague and ambiguous. Additionally, Sure Logix objects to this Interrogatory as it seeks information that may be within the knowledge, possession, custody, and/or control of individuals and/or entities other than Sure Logix. Notwithstanding these objections, Sure Logix specifically denies that it mishandled, damaged and/or lost any of Plaintiff's products. Any mishandling, damage or loss of Plaintiff's product occurred while Bergeron was still in possession of the product. **Subject to and without waiving the foregoing objections, Sure Logix contends it does not maintain[ ] any records that would contain such information.**

**Ruling:**

Sure Logix's vague, ambiguous, overly broad and unduly burdensome objections are overruled. The interrogatory is inherently limited to a 5-year period as the agreement at issue was executed in November 2021 and relates to alleged damage to property warehoused under that contract. Sure Logix's objection on the basis that it calls for information within the knowledge, possession, custody, and/or control of others is likewise overruled. Sure Logix must review all sources of responsive information reasonably available and provide the responsive, relevant facts reasonably available, whether that information is reasonably available based on others' knowledge or its own employees.

Sure Logix's response denying that it mishandled, damaged and/or lost any of Plaintiff's products and that same occurred while in Bergeron's possession is non-responsive. The questions seeks information regarding any alleged mishandling, damage, or loss of Plaintiff's product, regardless of who was in control of same when mishandled, damaged or lost. Sure Logix cannot merely assert that it does not maintain any records that would contain such information. Rather, Sure Logix must affirmatively certify that it has reviewed all sources of responsive information

14

reasonably available and has been unable to locate any information to enable it to respond further. If information is later discovered that was not disclosed in response, appropriate sanctions may be imposed.  Supplementation is required.

**Interrogatory No. 12**

State all reasons why you contend they are not liable for the alleged mishandling, damage, or loss of Plaintiff's product.

**January 30, 2026, Response to Interrogatory No. 12**

Sure Logix objects to this Interrogatory on the grounds that it is vague and ambiguous, seeks legal conclusions, and premature as discovery is in its infancy and Sure Logix is still conducting its investigation into this matter. Additionally, Sure Logix further objects to this Interrogatory to the extent that it seeks information protected by the work product doctrine and/or attorney/client privilege, including the mental impressions, conclusions, and opinions of the attorneys and representatives of Sure Logix, all of which are protected by the attorney work product doctrine and/or attorney/client privilege.

Notwithstanding these objections, Sure Logix performed its obligations under the Subcontract with Exactdistribution and followed all industry standards applicable to warehousing and handling of the products at issue. The evidence reflects that any inventory that was mishandled, damaged, or lost occurred while the product was in Bergeron's possession, not Sure Logix. Please see relevant information contained in the documents produced by Sure Logix, Sure Logix_000055- 2808. Sure Logix reserves its right to supplement and/or amend its response as discovery is ongoing.

**June 26, 2026, Supplemental Response to Interrogatory No. 12**

Sure Logix objects to this Interrogatory on the grounds that it is vague and ambiguous, seeks legal conclusions, and premature as discovery is in its infancy and Sure Logix is still conducting its investigation into this matter. Additionally, Sure Logix further objects to this Interrogatory to the extent that it seeks information protected by the work product doctrine and/or attorney/client privilege, including the mental impressions, conclusions, and opinions of the attorneys and representatives of Sure Logix, all of which are protected by the attorney work product doctrine and/or attorney/client privilege.

Notwithstanding these objections, Sure Logix performed its obligations under the Subcontract with Exactdistribution and followed all industry standards applicable to warehousing and handling of the products at issue. The evidence reflects that any inventory that was mishandled, damaged, or lost occurred while the product was in Bergeron's possession, not Sure Logix. Please see relevant information contained

15

in the documents produced by Sure Logix, Sure Logix_000055- 2808. Sure Logix reserves its right to supplement and/or amend its response as discovery is ongoing.

**Ruling:**

Sure Logix's vague, ambiguous, calls for legal conclusion and prematurity objections are overruled. Any invocation of privilege or work product must be reflected in a proper privilege log. Further, Rule 33(a)(2) makes clear that an interrogatory is not objectionable merely because it asks for a contention that relates to facts or the application of law to facts. The Court may, however, order that same need not be answered until designated discovery is complete.

Although it asserts objections, it appears as though Sure Logix has answered the interrogatory by asserting that any damage occurred during Bergeron's possession. The reference to almost 3000 pages of documents produced during discovery is insufficient. Should Sure Logix desire to rely on Rule 33(d) for its response, it must cite to the specific bates numbers of responsive documents, not the global production. To the extent Sure Logix's response is incomplete, it must supplement the response at least 21 days before the discovery deadline.

**Interrogatory No. 21**

Identify all other persons who claimed or alleged that you mishandled, damaged, or lost product being warehoused by you in the last ten years, and for each such claim and allegation, describe the claim and allegation, the date and the product.

**January 30, 2026, Response to Interrogatory No. 21**

Sure Logix objects to this Interrogatory on the grounds that it is vague, ambiguous, overly broad and unduly burdensome because its not limited to a reasonable time frame, a reasonable factual basis or the facts and circumstances surrounding this litigation. Sure Logix further objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claims or defenses in this matter and not proportional to the needs of this case. Notwithstanding these objections, Sure Logix has never been the subject of a lawsuit arising from products warehoused at its facilities, nor has it submitted any insurance claims in the last ten (10) years related to warehoused products.

16

**June 26, 2026, Supplemental Response to Interrogatory No. 21**

Sure Logix objects to this Interrogatory on the grounds that it is vague, ambiguous, overly broad and unduly burdensome because its not limited to a reasonable time frame, a reasonable factual basis or the facts and circumstances surrounding this litigation. Sure Logix further objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claims or defenses in this matter and not proportional to the needs of this case. Notwithstanding these objections, Sure Logix has never been the subject of a lawsuit arising from products warehoused at its facilities.

**Ruling:**

Sure Logix's objection is sustained.  This request does not seek information that is relevant to any pending claim or defense as it expressly seeks information involving other parties and incidents.  Other incidents involving other parties at other times are not substantially similar to Plaintiff's claims and thus have no relevance; rather, this constitutes an impermissible fishing expedition.  No supplementation is required.

**Request for Production No. 5**

Produce all documents relating to any investigation, audit, or inventory of Plaintiff's product in connection with the Monteleone Hotel Iberville Tower project while in the custody or control of Defendants.

**January 30, 2026, Response to Request for Production No. 5**

Sure Logix objects to this request on the grounds that it is overly broad and unduly burdensome, and seeks documents that may be within the knowledge, possession, custody, and/or control of individuals and/or entities other than Sure Logix. Notwithstanding these objections, please see relevant documents already produced by Sure Logix as Sure Logix_000055-2808.

**June 26, 2026, Supplemental Response to Request for Production No. 5**

Sure Logix objects to this request on the grounds that it is overly broad and unduly burdensome, and seeks documents that may be within the knowledge, possession, custody, and/or control of individuals and/or entities other than Sure Logix. Notwithstanding these objections, please see relevant documents already produced by Sure Logix as Sure Logix_000055-2808.

17

**Request for Production No. 6**

Produce all documents relating to any communication[ ] by and between Defendants, Plaintiff, and/or any third-party regarding the alleged mishandling, damage, or loss of Plaintiff's product in connection with the Monteleone Hotel Iberville Tower project.

**January 30, 2026,  Response to Request for Production No. 6**

Sure Logix objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome, as it is not limited to a reasonable time frame, a reasonable factual scope, or the basic facts and circumstances surrounding this litigation. Additionally, Sure Logix objects to this request as it seeks information that may be within the knowledge, possession, custody, and/or control of individuals and/or entities other than Sure Logix. Notwithstanding these objections, Sure Logix specifically denies that it mishandled, damaged and/or lost any of Plaintiff's products.

**June 26, 2026, Supplemental Response to Request for Production No. 6**

Sure Logix objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome, as it is not limited to a reasonable time frame, a reasonable factual scope, or the basic facts and circumstances surrounding this litigation. Additionally, Sure Logix objects to this request as it seeks information that may be within the knowledge, possession, custody, and/or control of individuals and/or entities other than Sure Logix. Notwithstanding these objections, Sure Logix specifically denies that it mishandled, damaged and/or lost any of Plaintiff's products. **Subject to and without waiving the foregoing objections, please see relevant documents already produced by Sure Logix as Sure Logix_000055-2808.**

**Request for Production No. 8**

Produce all documents relating to any communication[ ] by and between Defendants, Plaintiff, and/or any third-party regarding the alleged mishandling, damage, or loss of Plaintiff's product in connection with the Monteleone Hotel Iberville Tower project.

**January 30, 2026, Response to Request for Production No. 8**

Please see objections and response to Request for Production No. 6.

**June 26, 2026, Supplemental Response to Request for Production No. 8**

Please see objections and response to Request for Production No. 6.

**Ruling (RFP Nos. 5, 6 & 8):**

Sure Logix's vague, ambiguous, overly broad and unduly burdensome objections are overruled. The Requests are inherently limited to a 5-year period as the agreement at issue was executed in November 2021 and relates to alleged damage to property warehoused under that contract. Sure Logix's objection on the basis that it calls for information within the knowledge, possession, custody, and/or control of others is likewise overruled. Rule 34 requires production of documents within not only a party's actual but also its constructive, possession, custody or control. This means that, if Sure Logix has the ability to request the information and obtain same, it has constructive possession.

Sure Logix's reference to almost 3000 pages of documents produced during discovery is insufficient. Sure Logix may cite to the specific bates numbers of any responsive documents but cannot point to the global document production. Supplementation is required.

**Request for Production No. 12**

Produce all documents relating to any steps taken by Defendants to remedy or mitigate any alleged mishandling, damage, or loss of Plaintiff's product in connection with the Monteleone Hotel Iberville Tower project.

**January 30, 2026, Response to Request for Production No. 12**

Sure Logix objects to this request as it seeks information that may be within the knowledge, possession, custody, and/or control of individuals and/or entities other than Sure Logix. Additionally, Sure Logix objects to this request to the extent it seeks information protected by the attorney-client or work product privileges. Notwithstanding these objections, Sure Logix specifically denies that it mishandled, damaged and/or lost any of Plaintiff's products. Any mishandling, damage or loss of Plaintiff's product occurred while Bergeron was still in possession of the product.

**June 26, 2026, Supplemental Response to Request for Production No. 12**

Sure Logix objects to this request as it seeks information that may be within the knowledge, possession, custody, and/or control of individuals and/or entities other than Sure Logix. Additionally, Sure Logix objects to this request to the extent it

seeks information protected by the attorney-client or work product privileges. Notwithstanding these objections, Sure Logix specifically denies that it mishandled, damaged and/or lost any of Plaintiff's products. Any mishandling, damage or loss of Plaintiff's product occurred while Bergeron was still in possession of the product.

**Ruling:**

Sure Logix's objection on the basis that it calls for information within the knowledge, possession, custody, and/or control of others is likewise overruled. Rule 34 requires production of documents within not only a party's actual but also its constructive, possession, custody or control. This means that, if Sure Logix has the ability to request the information and obtain same, it has constructive possession. Sure Logix must specify whether any document has been withheld based on privilege, and if so, produce a privilege log identifying same with sufficient information to enable Plaintiff and the Court to discern whether privilege is properly invoked. Further, Sure Logix's reference to almost 3000 pages of documents produced during discovery is insufficient. Sure Logix may cite to the specific bates numbers of any responsive documents but cannot point to the global document production. Supplementation is required.

### Request for Production No. 13

Produce all documents relating to any payments or compensation made or offered to Plaintiff in connection with the alleged mishandling, damage, or loss of product in connection with the Monteleone Hotel Iberville Tower project.

### January 30, 2026, Response to Request for Production No. 13

Sure Logix specifically denies that it mishandled, damaged and/or lost any of Plaintiff's products. Any mishandling, damage or loss of Plaintiff's product occurred while Bergeron was still in possession of the product. As such, Sure Logix has made no payments to Exactdistribution.

### June 26, 2026, Supplemental Response to Request for Production No. 13

Sure Logix specifically denies that it mishandled, damaged and/or lost any of Plaintiff's products. Any mishandling, damage or loss of Plaintiff's product

occurred while Bergeron was still in possession of the product. As such, Sure Logix has made no payments or offers to pay to Exactdistribution.

**Ruling:**

Sure Logix raised no objection to the Request but provides a non-responsive answer. Plaintiff did not ask whether Sure Logix admitted responsibility for any damage. Rather, it asks for documents reflecting any payments or compensation made or offered to Plaintiff in connection with the alleged mishandling, damage, or loss of product in connection with the Monteleone Hotel Iberville Tower project, whether by Sure Logix, its predecessor of anyone else. If Sure Logix has no responsive documents, it must certify that it exercised reasonable efforts to locate any responsive documents and no documents have been located. Should additional responsive documents be located, appropriate sanctions will be imposed. Supplementation is required.

### Request for Production No. 17

Produce all documents relating to any training, policies, or procedures provided to Defendants' employees or agents regarding the warehousing, delivery, or handling of FF&E product.

### January 30, 2026, Response Request for Production No. 17

Sure Logix objects to this request on the grounds that as written it is vague, ambiguous and overly broad, and to the extent it seeks documents that are not relevant to any claims or defenses in this matter and not proportional to the needs of this case. Notwithstanding these objections, Sure Logix is looking for responsive documents and will supplement its response to this request should any responsive documents be located.

### June 26, 2026, Supplemental Response to Request for Production No. 17

Sure Logix objects to this request on the grounds that as written it is vague, ambiguous and overly broad, and to the extent it seeks documents that are not relevant to any claims or defenses in this matter and not proportional to the needs of this case. Notwithstanding these objections, Sure Logix is looking for responsive documents and will supplement its response to this request should any responsive documents be located.

**Ruling:**

Sure Logix's objections are sustained in part and overruled in part. Sure Logix must respond to the Request with regard to the period of November 2021 through 2025. Although Rule 26(e) imposes an obligation to supplement responses,[43] that provision does not provide "an extension of the deadline by which a party must deliver" its information.[44] Supplementation is required.

**Request for Production No. 21**

Produce all documents constituting or relating to any report by you of Plaintiff's claims to any insurer.

**January 30, 2026, Response Request for Production No. 21**

Sure Logix objects to this request to the extent it seeks information protected by the attorney-client or work product privileges. Sure Logix further objects to this request as it seeks information and documents that are not relevant to any claims or defenses in this matter and are not proportional to the needs of the case.

**June 26, 2026, Supplemental Response to Request for Production No. 21**

Sure Logix objects to this request to the extent it seeks information protected by the attorney-client or work product privileges. Sure Logix further objects to this request as it seeks information and documents that are not relevant to any claims or defenses in this matter and are not proportional to the needs of the case.

**Request for Production No. 22**

Produce all documents constituting or relating to any report by you to any insurer of alleged damage to or loss of Plaintiff's product in connection with the Monteleone Hotel Iberville Tower project.

**January 30, 2026, Response Request for Production No. 22**

Sure Logix objects to this request to the extent it seeks information protected by the

---

[43] *Berenson v. Adm'rs of Tulane Univ. Educ. Fund*, No. 17-329, 2017 WL 6372831, at *3 (E.D. La. Dec. 13, 2017); *see also Moore v. BASF Corp.*, No. 11-1001, 2012 WL 12990571, at *2 (E.D. La. May 2, 2012).

[44] *See Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996); *see also Van Baelen v. Sabine Transp. Co.*, No. 00-2155, 2001 WL 474273, at *2 (E.D. La. May 2, 2001) (Clement, J.) (noting that Rule 26(e)'s duty to supplement does not enable a party to circumvent Rule 26(a)'s deadlines or a court's scheduling order).

attorney-client or work product privileges. Sure Logix further objects to this request as it seeks information and documents that are not relevant to any claims or defenses in this matter and are not proportional to the needs of the case.

**June 26, 2026, Supplemental Response to Request for Production No. 22**

Sure Logix objects to this request to the extent it seeks information protected by the attorney-client or work product privileges. Sure Logix further objects to this request as it seeks information and documents that are not relevant to any claims or defenses in this matter and are not proportional to the needs of the case.

**Ruling (RFP Nos. 21 & 22):**

Sure Logix's relevance and proportionality objections are overruled. Sure Logix must specify whether any document has been withheld based on invocation of privilege. If so, it must produce a privilege log identifying each document withheld with sufficient information to enable Plaintiff and the Court to discern whether privilege is properly invoked. Supplementation is required.

## IV.   **CONCLUSION**

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion to Compel is GRANTED IN PART AND DENIED IN PART as stated herein.

IT IS FURTHER ORDERED that Defendant Sure Logix provide supplemental responses in accordance with this Order and Reasons within 21 days.

New Orleans, Louisiana, this ___21st___ day of July, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE